UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA

v.  Case No. **1:20-CR-230**

Kinnard Turner,

    Defendant

_____/

**SENTENCING MEMORANDUM ON BEHALF OF
DEFENDANT, KINNARD TURNER**

**COMES NOW** the Defendant, Kinnard Turner, by and through his undersigned counsel, and hereby files the following Sentencing Memorandum setting forth factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a). In support thereof, Mr. Turner states as follows:

**I. INTRODUCTION**

On October 28, 2020, Mr. Turner pled guilty to conspiracy to possession with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. 846 and 841(a). Under the relevant statutes, Mr. Turner may be sentenced to no more than life imprisonment. The parties have agreed that, pursuant to USSG §2D1.1(c), Base Offense Level **30** is applicable. *See* Plea Agreement Letter, at 4 (Doc. 59). The parties also agree that Mr. Turner qualifies for the "Safety Valve," per 18 U.S.C. 3553(f) and USSG 5C1.2 (Doc. 59 at 4), and, as such, may be sentenced below the otherwise applicable mandatory minimum sentence of 10-years, and a **2-level** reduction in the offense level is applicable. *See* PSR at 9 (Doc. 62).

Further, the parties agree that Mr. Turner is entitled to a reduction in the base offense level for acceptance of responsibility. Plea Letter, at 4.

Consistent with this agreement, the Government does not oppose a **3-level reduction** for Mr. Turner's timely acceptance of responsibility. *Id.* Thus, the total offense level is 25, criminal history category I. The parties thus tentatively agree that a sentencing range of "57-71 months' imprisonment" is sufficient, but not greater than necessary, to achieve the goals of sentencing. *See* PSR ¶72; *see also Gov't's Sentencing Memo*, at 1 (Doc. 65). Therefore, Mr. Turner respectfully asks that the Court sentence him to not more than **57 months** imprisonment.

Such a substantial sentence would balance the nature and gravity of Mr. Turner's counterproductive behavior against his need for rehabilitation, an opportunity to develop work and life skills, and the chance to become a contributing member of society. Mr. Turner is a 33-year-old man, and an excessively prohibitive sentence would prove counterproductive in hastening Mr. Turner's path to rehabilitation. The Court should therefore provide Mr. Turner with something more than prison to look forward to. *Cf. with United States v. Thomas*, 360 F. Supp. 2d 238, 243 (D. Mass. 2005) (declining to impose an excessively harsh sentence, citing the §3553(a) factors).

**II. SENTENCING UNDER BOOKER**

In 2005, the United States Supreme Court determined that judges are no longer required to apply the United States Sentencing Guidelines ("Guidelines") in a mandatory fashion when determining the appropriate sentence for a defendant. *United States v. Booker*, 543 U.S. 220, 245 (2005). Since then, a sentence must be "reasonable" for it to be considered lawful. *See United States v. Kimbrough*, 552 U.S. 85 (2007); *Gall v. United States*, 552 U.S. 38, 51 (2007). "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range."

*Gall*, 552 U.S. at 49. "[T]he Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however." *Id.* "[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable." *Id.* at 49-50.

Other statutory sections provide additional guidance for the district court in fashioning an appropriate sentence. Specifically, 18 U.S.C. §3582 states in part: The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation. 18 U.S.C. §3582(a). As such, even if the Guidelines suggest that a sentence of imprisonment is appropriate, if after consideration of the § 3553 factors and any other facts in mitigation that suggest that the Guideline calculation does not provide for a fair and just sentence in this case, the Court is "not bound by" the Guideline calculations. *United States v. Dean*, 604 F.3d 169, 174 (4th Cir. 2010).

### III. THE APPROPRIATE GUIDELINES CALCULATION IN THIS CASE

A Presentence Investigation Report ("PSR") has been prepared by the United States Probation Office. (Doc. 62). After the appropriate deductions for acceptance of responsibility, the PSR placed the total offense level at 25, with a criminal history category of I, and calculated a guidelines range, per plea agreement, of 57-71 months, and not more than 5-years of supervised release. PSR ¶72

1. **Mr. Turner's Criminal Conduct**

On June 30, 2020, CS-1 and Turner engaged in a conversation in which Turner agreed to a price of $32,500 per kilogram of cocaine after attempting to negotiate a price of $32,000. On July 1, 2020, Turner and CS-1 engaged in another conversation in which Turner advised he had enough money to pay for 10 kilograms of cocaine up front and that he had additional co-conspirators who were interested in buying additional kilograms of cocaine, but were hesitant until they saw the quality of the cocaine. CS-1 reassured Turner that the cocaine would be of good quality. In another conversation on July 2, 2020, Turner discussed with CS-1 that he anticipated this being a long-term relationship and advised CS-1 that he would "be like a savior here." Eventually, they agreed to meet on July 22, 2020, at the Ritz-Carlton Hotel in Arlington, Virginia, to exchange $325,000 for ten kilograms of cocaine.

On July 22, 2020, law enforcement observed Turner meet with another individual, later identified as Korey Kaschief Cornish (Cornish) in Baltimore, Maryland. Turner was surveilled traveling to Virginia in a BMW and Cornish was surveilled driving to Virginia in a Honda. Upon arrival at the Ritz Carlton Hotel, Turner, Cornish and a third individual (not charged), were seen entering the hotel and then returning to their parked vehicles. Turner eventually parked his vehicle outside and walked to the hotel. Cornish eventually parked his vehicle in a garage near the hotel.

CS-1 and Turner met inside of a room at the hotel. Turner agreed to retrieve the money and return to purchase five kilograms of cocaine. Turner then walked from the hotel to Cornish's vehicle. Turner and Cornish (and other uncharged individuals) were seen speaking outside of Cornish's vehicle. Cornish moved his vehicle to another location and then exited his vehicle carrying a gray and black duffel bag. Turner, Cornish, and the third uncharged individual then returned to the hotel together. A few minutes later, Turner returned to the hotel room carrying the gray and black

4

duffel bag that Cornish had carried into the hotel. CS-1 provided Turner with five kilograms of cocaine and Turner provided CS-1 with the duffel bag that contained $165,000 in cash. CS-1 also provided Turner with seven additional kilograms of cocaine that Turner was to pay for at a later time. Turner was arrested and Cornish was detained outside of the hotel. Law enforcement learned that Cornish and Turner had rented a room at the Ritz-Carlton Hotel, registered in Cornish's name, immediately prior to the meeting between CS-1 and Turner.

2. **Mr. Turner's Acceptance of Responsibility**

Mr. Turner appeared before the Honorable Rossie D. Alston, Jr., U.S. District Judge, for the Eastern District of Virginia, on October 28, 2020, and pled guilty to conspiracy to possess with the intent to distribute cocaine, 21 U.S.C. 846 and 841(a). Mr. Turner did so in a thoughtful and forthright manner, and, as the PSR notes, timely admitted involvement in the offense. PSR ¶30. He has therefore clearly demonstrated acceptance of responsibility for the offense.

2. **Mr. Turner's Youth and Early Adulthood**

Mr. Kinnard Turner was born on April 14, 1987, in Baltimore, Maryland. He is the only child born to the relationship of the late Marcus Turner and Tracie Gambrill, age 53. Mr. Turner was raised in Baltimore, and has resided in Maryland his entire life. His father passed away when he was only an infant, and he was raised primarily by his mother, maternal grandmother, and maternal great-grandmother.

Mr. Turner's mother resides at 3029 Windsor Avenue, Baltimore, Maryland, and is retired after previously working for Constellation Energy/Bolt Gas and Energy for 15 years, and now owns an assisted living care company. Mr. Turner is a gracious man, and has a close relationship with his grandmother, Gwendolyn Gambrill. Mr. Turner is also in a relationship with Ms. Ly-Anh McCoy,

5

which he has been for the better of four tears. Through their relationship, Mr. Turner and Ms. McCoy have one son together, Chance Turner.

Mr. Turner has no mental health concerns, but did exhibit asthma as a child. Mr. Turner has worked all of his life, and has maintained such jobs as, truck driver, store employee, and security specialist. At the age of 21, Mr. Turner obtained his CDL license, and has maintained his certification since that time. Mr. Turner is a high school graduate, and has attended Anne Arundel and Baltimore County Community College, taking business courses.

### IV. ANALYSIS OF THE 18 U.S.C. § 3553(a) FACTORS

The Court must consider the § 3553(a) factors, weigh them properly, and fashion an appropriate sentence based on the facts of the case. *United States v. Evans*, 526 F.3d 155, 161 (4th Cir. 2008). Pursuant to 18 U.S.C. §3583(e), the Court must consider sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). *See Kimbrough v. United States*, 552 U.S. 85, 101 (2007). Consideration of these factors support a finding that a sentencing of not more than **57 months** is the appropriate disposition in this case.

(1)"The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant" (18 U.S.C.§3553(a)(1)) – The discussion above provides ample evidence of the "characteristics" of Mr. Turner, and the "nature and circumstances" of the offense. Further, Mr. Turner is only 33-years old, and a protracted period of incarceration would prove counter-productive. As the evidence suggests, there are "no identifiable victims" in this case, nor did Mr. Turner impede or obstruct justice, as so many others do when their criminal conduct is detected, PSR ¶¶27, 29. That, of course, does not diminish the harm that Mr. Turner's ill-considered behavior

6

caused. And he does not suggest otherwise. We only make these points to highlight that Mr. Turner's crime did not occasion any violence, threats, nor obstruction of justice.

(2) "The Need for the Sentence Imposed (A) to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense, (B) to Afford Adequate Deterrence to Criminal Conduct; (C) to Protect the Public from further Crimes by the defendant; and (D) to Provide the defendant with the needed Educational or Vocational training, Medical care, or other Correctional Treatment in a more Effective manner." (18 U.S.C.§3553(a)(2)) – The Court must impose a sentence that is "sufficient, but not greater than necessary," to achieve the goals of sentencing. §3553(a); *Kimbrough v. United States*, 552 U.S. 85, 101 (2007).

As noted above, Mr. Turner is a 33-year old man, and anything more than a **57-month** sentence would be sure to diminish Mr. Turner's hopes at life and rehabilitation. Cf. *United States v. Thomas*, 360 F. Supp. 2d 238, 243 (D. Mass. 2005) (declining to impose an essentially life extinguishing sentence, citing the §3553(a) factors). It would do far more to "promote respect for the law" by hastening Mr. Turner's course correction in life than to require him to spend a decade behind bars. To be sure, his conduct here is not heinous, nor unforgiveable; and it is not the kind of crime for which society has identified as irredeemable. *See Miller v. Alabama*, 567 U.S. 460, 472-73 (2012) (noting the kinds of conduct that society deems incorrigible); *see also Graham v. Florida*, 560 U.S. 48, 74 (2010) (observing the kinds of sentences that "forswears altogether the rehabilitative ideal").

(3) "[T]he Kinds of Sentences Available" (18 U.S.C.§3553(a)(3)) – Although the court may impose a sentence at or near the high end of the applicable guidelines range, the guidelines also contemplate that a sentence at the low end of the spectrum may be sufficient to serve the goals of

7

sentencing. See *United States v. Scott*, 426 F.3d 1324, 1328 (11th Cir. 2005) (affirming sentence imposed at the low end of the guidelines range based upon §3553 factors).

    4) <u>The Applicable Guidelines Range</u> (18 U.S.C.§3553(a)(4)) – The applicable guidelines range under the 2020 Guidelines Manual is 57-71 months. <u>PSR</u> 72. The parties, and Probation, agree that Mr. Turner is entitled to a **3-level** reduction in the base offense level for timely acceptance of responsibility under USSG §3E1.1(a)(b). Both the government and Mr. Turner agree that a 57-month sentence is the appropriate disposition in this case. As the Court is aware, Mr. Turner is a first-time offender, who has generally worked all of his life, and has made progress in securing a future in transportation and business.

    Mr. Turner is a father, and family man, who wishes to see his family again very soon, and, as noted by the PSR, is "remorseful for his conduct. ¶30. The facts surrounding Mr. Turner's life history is not one filled with prior bad acts and perpetual criminality. In our view, Mr. Turner's poor judgment is a one off, not soon to be repeated. As one court recently observed, "a felony conviction by itself is a significant punishment for a first-time offender," and, as such, a sentence at the "low-end" of the guidelines range "was sufficient 'to send a message, [and] to promote respect for the law.'" *United States v. Gary*, 613 F.3d 706, 708 (7th Cir. 2010).

    Further, the fact that the Government agrees that Mr. Turner qualifies for the safety valve is additional evidence that an additional **2-level** reduction is warranted on the basis of Mr. Turner being a minor participant. Section 3B1.2 directs courts to decrease an offense level because of a defendant's role in the offense. These "mitigating role" adjustments are "for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." 3B1.2, cmt. n.3(A). Section 3B1.2(b), the minor-role reduction,

8

provides, "If the defendant was a minor participant in any criminal activity, decrease by 2 levels. *Id.* This subsection applies to a defendant "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal. 3B1.2, cmt. n.5. *See United States v. Delgado-Lopez,* 974 F.3d 1188, 1192 (10th Cir. 2020).

Should the grant apply the 2-level reduction for minor role, Mr. Turner's offense level would decrease to 23, and thus a guidelines range of **46-57 months**. Mr. Turner respectfully asks that the Court impose a sentence of **46 months.**

## CONCLUSION

After the Court considers the arguments and analysis detailed above, there is sufficient evidence to allow the Court to fashion an appropriate sentence from the advisory sentencing guidelines. Specifically, Mr. Turner respectfully asks the Court to utilize this memorandum to impose a sentence of no more than **57-months**, but as low as **46 months**. Given the facts of this case, the requested sentence is sufficient and complies with the statutory directives set forth in 18 U.S.C. § 3553(a).

WHEREFORE, Mr. Turner respectfully prays that this Honorable Court will impose a sentence of **not more than 57-months** in this case, as well as **2-years** supervised release.

Respectfully submitted,

_____/S/_____
TODD A. PILOT, ESQ.
526 King Street, Suite 213
Alexandria, VA 22314
Phone: (703) 299-9500
Email: toddpilot@icloud.com
VSB No.: 37849

9

IVAN J. BATES, ESQ.
Bates & Garcia, LLC
201 N. Charles Street, Ste. 1900
Baltimore, MD 21201
Phone: (410) 814-4600
Admitted *Pro Hac Vice*
*Counsel for the Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of January, 2021, I electronically filed the foregoing Sentencing Memorandum, using the CM/ECF filing system, which sent notice of electronic filing to all interested parties.

/S/
TODD A. PILOT, ESQ.

10